UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT COVINGTON

CIVIL ACTION NO. 05-138-WOB

KENTUCKY SPEEDWAY, LLC                                                      PLAINTIFF

VS.

NATIONAL ASSOCIATION OF STOCK
CAR AUTO RACING, INC., ET AL.                                              DEFENDANTS

**ORDER**

Currently pending before the court are the parties' opposing versions of a protective order. Although the parties agree on much, they disagree on four key provisions of the proposed order. The court has reviewed both versions of the proposed order, together with the parties' memoranda in support of their respective positions. In the exercise of the court's discretion and guided by the principles set forth in *Procter & Gamble Co. v. Bankers Trust Co.,* 78 F.3d 219, 227 (6th Cir. 1996), **IT IS ORDERED:**

1. Plaintiff's proposed Confidentiality Stipulation and Order, filed as Exhibit 1 to plaintiff's memorandum in support of adoption of its proposed order [DE #90], is **hereby adopted by this court as if restated in its entirety in this order, but subject to the following amendments**;

2. Paragraph 8 of plaintiff's proposed order shall be amended to read as follows:

    (¶8). In the event that counsel for any party determines to file with the Court any pleadings, motions, briefs or other papers that contain Confidential or Highly Confidential Information, such papers or exhibits to papers filed with the Court, or

1

portions thereof containing Confidential or Highly Confidential Information, shall be filed under seal or its equivalent accompanied by a statement on the face of the sealed envelope substantially in the form set forth below.

**CONFIDENTIAL**

**(or HIGHLY CONFIDENTIAL where applicable)**

UNDER SEAL

.

The parties shall not include Confidential or Highly Confidential Information in the title of the documents filed with the Court so that, in all instances, the titles of the documents - and the Court's docket sheet reflecting those titles - may remain public. To help ensure appropriate public access to filed materials, the filing party shall within ten (10) days after filing confer with all other parties to ensure that a public version with appropriate redactions shall be made available. However, no public version may be filed or made available in the absence of the agreement of all parties or court order. If the parties disagree about whether any information should remain under seal, the parties shall follow the procedure set forth in ¶12 of plaintiff's proposed order, as amended in ¶6 of this Order.

3.  ¶9 of Defendants' proposed Confidentiality Stipulation and Order [Exhibit A to defendants' motion for entry of proposed protective order] shall be substituted in its entirety for the same numbered paragraph of plaintiff's proposed order;

4.  ¶10 of plaintiff's proposed order shall be amended to read as follows:

2

Only those people falling within one of the categories of Paragraph 9 may view Discovery Materials designated as "Highly Confidential," except that no current officer, director, or employee of any party, including inside counsel for any party, who does not otherwise fall within a category listed in Paragraph 9 may view Highly Confidential material.

5.  Notwithstanding ¶10 (as amended), the court has some concern regarding access to "Highly Confidential" documents by the large number of plaintiff's counsel admitted to participate in this litigation *pro hac vice*, who according to Defendants, previously represented only the individual Board members of plaintiff rather than Kentucky Speedway, LLC as a whole. However, the defendants have not directly challenged review of documents by any specific attorney[1] save David Filkin. Based on the relationship of attorney David Filkin to Duchossios Industries, Mr. Filkin shall be excluded from review of Highly Confidential materials.

6.  ¶12 of plaintiff's proposed order is amended to read as follows:

> If any party objects to the designation of any Discovery Material as "Confidential" or "Highly Confidential" or seeks to use such materials other than as permitted by this Stipulation and Order, the party shall provide written notice to counsel for the party making the designation. The parties shall promptly confer in a good faith effort to resolve the dispute. If the parties are unable to resolve the dispute after conferring, and upon not less than five (5) days notice, the objecting party shall attempt to resolve the

---

[1] In fact, defendants have not identified by name the attorneys who fall within the specified category.

3

disagreement by scheduling a telephone conference with the Magistrate Judge through oral motion, prior to filing any written motion for relief.  Until the Court rules on the oral or written motion, the Discovery Materials shall be treated in a manner consistent with their designation as "Confidential" or "Highly Confidential."  In the event that court intervention is required, the producing party shall have the burden of establishing in its response to the oral or written motion that the Discovery Materials remain entitled to the "Confidential" or "Highly Confidential" designation as defined in this Stipulation and Order, and that any confidential material outweighs the public's right of access.

7. ¶19 of Plaintiff's proposed order is amended to read as follows:

This Protective Order can be modified at any time by order of the Court.  Nothing herein shall prevent any party from seeking by appropriate motion to the Court, or by negotiation, further, greater or lesser protection with respect to the use or disclosure of any Confidential Information or Highly Confidential Information.

8. ¶22 of Defendants' proposed Confidentiality Stipulation and Order [Exhibit A to defendants' motion for entry of proposed protective order] shall be substituted in its entirety for the same numbered paragraph of plaintiff's proposed order;

9. The court expects counsel to make every effort to cooperate with each other to minimize the necessity of court intervention in enforcing the provisions of this order.  In addition to the provisions of ¶12 (as amended herein in ¶6), counsel's attention is directed to LR 37.1, which requires that a *detailed* certification of counsel's efforts to resolve any discovery-related dispute extrajudicially be

attached to any motion filed with this court;

10. Defendants' motion for adoption of defendants' proposed protective order [DE #93] is **denied as moot**.

This the 30th day of March 2006.

Signed By:
J. Gregory Wehrman
United States Magistrate Judge

5