UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

Eastern District of Kentucky
FILED
JAN 2 3 2007
AT COVINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CIVIL ACTION NO. 05-138-WOB

KENTUCKY SPEEDWAY, LLC                                               PLAINTIFF

VS.

NATIONAL ASSOCIATION OF STOCK
CAR AUTO RACING, INC., ET AL.                                        DEFENDANTS

## MEMORANDUM ORDER

On January 19, 2007, defendant NASCAR transmitted correspondence to the undersigned requesting additional clarification of the court's December 15, 2006 Memorandum Order.[1]  Speedway transmitted a brief response, also in correspondence form, on January 23, 2007.

NASCAR argues that it has scheduled the deposition of its Rule 30(b)(6) witness who is fully prepared to testify for up to 5 hours regarding "the Financial Topic" previously identified by Speedway as including "[t]he financial statements of NASCAR from 2000 to the present, and income and revenue sources for NASCAR and its affiliated entities." However, NASCAR complains that it was recently notified by counsel for Speedway that Speedway intends to depose the witness for 7 hours, despite not having reserved a party deposition which would entitle it to the longer time frame.  In addition, Speedway has recently identified additional topics it considers to be "related" to the Financial Topic previously identified, including "NASCAR'S ownership structure, corporate structure, unrelated affiliate revenue, and *the exact information*

---

[1] Identification of minor discovery disputes by telephone or by correspondence has been encouraged by the court in an effort to promote judicial economy through quick resolution of minor disputes, and to avoid unnecessarily cluttering the record with discovery motion practice. All correspondence and telephonic identification of such issues require notification and/or service upon opposing counsel prior to court consideration.

the Court precluded from disclosure....[such as] the information contained in the K-1 statements." (January 19, 2007 correspondence, emphasis original). NASCAR protests that Speedway also intends to question the deponent concerning "non-public information related to financial transactions" between NASCAR and ISC. *Id.*

NASCAR is correct in its belief that the scope of the deposition should not include information relating to the K-1 statements or other financial topics precluded by this court's prior discovery rulings. On the other hand, the fact that financial documents have been ruled outside the scope of discovery does not always preclude discovery of some of the information contained within them, *so long as* this court previously has ruled the information to be otherwise relevant and discoverable. For example, the court's December 18, 2006 order expressly permitted plaintiff to depose the President of NASCAR on the limited issue of his total pay package, even though that same information might be included on a non-discoverable K-1 statement.

Speedway argues that it is entitled to discover NASCAR's net revenue distributions to Bill France, Jill France, and Lesa Kennedy - all officers of ISC - under the same rationale, to show financial bias. Plaintiff also argues that the net revenue distributions are relevant to show the interrelationship between NASCAR and ISC. However, this court has previously ruled that plaintiff is not entitled to similar data, in its order of December 18, 2006. See DE #147, p. 6 (precluding discovery of NASCAR's financial records sought to "demonstrate additional interrelationships between NASCAR and ISC" outside of publicly filed ISC documents). This court's prior rulings concerning Mr. Helton's pay package should be narrowly construed and were not intended to permit Speedway to delve into the pay packages or distributions to other persons. Therefore, the general topic of distribution of revenue is not within the permissible scope of deposition except as narrowly defined with relation to Mr. Helton's pay package or as otherwise viewed within the context of previously disclosed financial documents.

The parties disagree generally about whether plaintiff may depose NASCAR's financial

2

officer about NASCAR's ownership and corporate structures. NASCAR contends that such questions would be duplicative of the deposition of NASCAR's president. While some questions may indeed stray outside the scope of the "financial topic" previously noticed under Rule 30(b)(6), Speedway explains that it is combining Mr. Wilson's personal and Rule 30(b)(6) deposition. This court will not prohibit Speedway from asking "duplicative" questions to the extent that the information is within the scope of knowledge of the deponent, as limited generally by the parameters of this and prior orders.

In sum, Speedway asks for specific guidance concerning whether the deponent may answer questions relating to NASCAR's revenues and expenses. Speedway may not generally inquire as to the distribution of net revenue or allocation of expenses, except that Speedway is entitled to discovery concerning revenue and expenses of NASCAR affiliates incorporated within the financial documents previously produced to plaintiff pursuant to the December 18, 2006 order

Finally, with respect to the time permitted for the deposition, Speedway has agreed that it has "slightly over 5 hours" for the deposition of Mr. Wilson. The court will not further constrain the time allotted. Accordingly, **IT IS ORDERED:**

1. Defendant's oral motion for clarification, supported by correspondence transmitted to the court outside of the record, is **granted**;

2. The Rule 30(b)(6) deposition shall be limited to not more than 5 and a half hours in duration, and shall otherwise remain within the scope of this court's prior orders as clarified herein.

This the 23rd day of January 2007.



Signed By:
*J. Gregory Wehrman*
**United States Magistrate Judge**