UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

**CIVIL ACTION NO. 05-138-WOB**

**KENTUCKY SPEEDWAY, LLC**             **PLAINTIFF**

**VS.**

**NATIONAL ASSOCIATION OF STOCK**
**CAR AUTO RACING, INC., ET AL.**             **DEFENDANTS**

**MEMORANDUM ORDER**

On January 23, 2007, plaintiff Speedway transmitted correspondence to the undersigned requesting additional clarification "or modification" of the protective order previously entered in this case on March 30, 2006. Defendant NASCAR transmitted responsive correspondence on January 24, 2007.[1] The protective order at issue was adopted after extensive negotiation between the parties, and required the assistance of this court to finalize. Various provisions from proposed orders of both parties were incorporated into the final version. In the final version, paragraph 11 (adopted from plaintiffs' proposed order) reads as follows:

> Any person who is not currently employed by a party and who is shown Confidential Information or Highly Confidential Information pursuant to Paragraphs 9 and 10 shall, prior to being given any Confidential Information or highly Confidential Information, read this Stipulation and Order and agree to abide by its terms, and execute a sworn statement in the form annexed hereto as Exhibit A.

The language of paragraph 11 generally prevents counsel from showing non-party witnesses any Confidential or Highly Confidential information unless those witnesses have first reviewed and agreed to comply with the protective order. However, plaintiff argues that certain

---

[1] Identification of minor discovery disputes by telephone or by correspondence has been encouraged by the court in an effort to promote judicial economy through quick resolution of minor disputes, and to avoid unnecessarily cluttering the record with discovery motion practice. All correspondence and telephonic identification of such issues require notification and/or service upon opposing counsel prior to court consideration.

provisions of paragraph 9 of the same order permit counsel to question non-party witnesses freely concerning the contents of any document otherwise identified as Confidential or Highly Confidential.  Paragraph 9 (adopted from defendants' proposed draft) states in relevant part:

> 9.  Discovery Materials designated as "Confidential" ("Confidential Information"), including attorney work product, briefs and/or appendices containing the same, except with the prior consent of the Producing Party or upon prior Order of this Court, shall not be disclosed by anyone to any person or entity other than the following:
>
> ....
>
> h.  Any person listed as the author, addressee or copied recipient of the Confidential Information or who lawfully received the Confidential Information in the ordinary course of business;
>
> i.  With respect to persons not covered by subparts (a) through (h) of this paragraph, and only during the deposition of such person, any person who may appear, based on the Confidential Information itself or testimony in a deposition, to have independent knowledge of the contents of the confidential Information or the specific events, transactions, discussions, or data reflected therein.  Such person shall not be entitled to retain a copy of any Confidential Information produced during the deposition;

NASCAR argues that paragraph 11 imposes a blanket rule requiring all witnesses to sign the protective order prior to being shown Confidential Information.   Speedway argues that paragraph 9(h) and (i) provide exceptions to that rule.

NASCAR is correct.  The clear language of paragraph 11 brooks no exceptions. However, Speedway argues alternatively that if the language means what it says, then it should be modified because otherwise third parties have "the right to veto counsel's questioning about a particular document."  Speedway notes that many of the third party witnesses are adversarial and can simply refuse to sign the protective order in order to avoid questioning on documents they themselves have either drafted or received.

NASCAR counters that permitting the modification would be to "permit non-party witnesses to do exactly what the protective order is aimed to prevent: disclose Confidential and

Highly Confidential discovery materials to the public and/or competitors of parties to this litigation." As an example, NASCAR cites to the deposition of Dennis Huth, the operator of American Speed Association ("ASA") which is a competitor of NASCAR. Under plaintiffs' modification, Mr. Huth might have demonstrated "independent awareness" of the documents about which counsel sought to question him, but absent execution of the protective order, he would have been entitled to view the documents and share that highly confidential information with anyone.

The protective order previously entered by this court was intended to strike a careful balance between the protection of highly confidential business information in a competitive environment, and the needs of the litigants to adequately prosecute and defend this litigation. Having reviewed the arguments of both parties, I conclude that a minor modification is warranted. Given the hostile stance of some third-party witnesses, the court will permit plaintiff (and defendant, should a similar circumstance arise) to question any witness about any document he/she has authored, without execution of the protective order. However, counsel should first advise the deponent of the existence of the protective order and request voluntary compliance with paragraph 11. Because proving receipt of documents can be more problematic despite the existence of distribution lists, and because memory of receipt is typically less vivid than memory of authorship, no other modification will be permitted at this time. In other words, if a third-party witness is to be questioned concerning Confidential Information he/she has received or about which he/she has demonstrated "independent awareness," that witness must execute the existing protective order.

Accordingly, **IT IS ORDERED:**

1. Plaintiff's motion for clarification and/or modification of the protective order, supported by correspondence transmitted to the court outside of the record, is **granted in part**;

2. Paragraph 11 of the existing protective order should be fully complied with according

to its terms, except that if a third-party witness refuses to execute the existing protective order, that third-party witness may nevertheless be questioned concerning any document which he or she has authored.

This the 25th day of January 2007.

Signed By:
*J. Gregory Wehrman*
United States Magistrate Judge