UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

CIVIL ACTION NO. 05-138-WOB

KENTUCKY SPEEDWAY, LLC                                          PLAINTIFF

VS.

NATIONAL ASSOCIATION OF STOCK
CAR AUTO RACING, INC., ET AL.                                   DEFENDANTS

**MEMORANDUM ORDER**

The court's Memorandum Order of March 30, 2007 made reference to certain confidential information not otherwise in the public record of this case and therefore was placed under seal within a few hours of filing. No party has challenged that designation and the court concludes that the memorandum portion of that order should remain under seal.

In addition to the issue of whether the March 30 order should remain under seal, the court instructed the parties to submit simultaneous briefs concerning whether plaintiffs' second amended complaint should be filed in the public record as tendered. Defendants NASCAR and ISC both argue that only a redacted version should be filed due to the inclusion of allegations based upon confidential and highly confidential information obtained solely through discovery in this case, but otherwise subject to a protective order and not subject to public disclosure. By contrast, plaintiff argues that the defendants have failed to overcome the presumption of public access which generally applies to all documents filed in a public court record.

The court has permitted broad discovery in this case in order to permit plaintiffs adequate opportunity to substantiate their claims. The court expressly directed plaintiff to file an amended complaint following discovery which would allege "with particularity the antitrust theories it believes can be pursued in good faith in light of the facts disclosed" during discovery. DE #75, p. 16. However, all disclosure during the discovery phase has been made subject to a protective

order to avoid unnecessary public - or even private - disclosure of highly sensitive financial material to competitors and would-be competitors.  The protective order in this case filed on May 12, 2006 clearly prohibits the disclosure of highly confidential and confidential information to anyone but persons specifically designated in the order.  Although ISC is a publicly traded company, NASCAR is a privately held company with a legitimate interest in the confidentiality of its financial and business information.   In addition, some sensitive business information has been designated as confidential or highly confidential by ISC where disclosure to the public would be harmful to that company, such as internal strategic planning documents, non-public agreements or negotiations, and other sensitive documents concerning internal meetings among personnel.  Notably, the plaintiff has not challenged either defendants' designation of materials as "confidential" or as "highly confidential" to date.

Having reviewed the arguments of all three parties, as well as the proposed redactions tendered by NASCAR, I conclude that disclosure of this same confidential and/or highly confidential material in plaintiff's recently tendered amended complaint would defeat the purpose of, and violate the existing protective order.   I further conclude that the defendants have carried their burden to overcome the presumption of public access to the designated material. Therefore, plaintiff will be required to file a redacted version in the public record.  Although a copy of the unredacted version is attached to NASCAR's sealed objections [DE #190], plaintiff shall file an additional unredacted version under seal for the convenience of this court.

Accordingly, **IT IS ORDERED:**

1.  The motion of defendant NASCAR to withdraw Timothy B. Fitzgerald as counsel of record [DE #196] is **granted**;

2.  The objections of NASCAR to the filing of an unredacted version of plaintiff's tendered Second Amended Complaint [DE #190] are **sustained**.  On or before **April 25, 2007** plaintiff Speedway shall file:

2

a) an unredacted copy of its Second Amended Complaint **under seal;**

b) an unsealed, **redacted** version of the Second Amended Complaint in accordance with the redactions proposed by NASCAR.

3. The court's Memorandum Order of March 30, 2007 [DE #186] shall remain **under seal.**

This the 19th day of April 2007.

Signed By:
**J. Gregory Wehrman**
United States Magistrate Judge